UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

———————————————————————————

PAUL J. KLAMM,

        Petitioner,

v.                                           Case No. 09-CV-899

ROBERT HUMPHREYS,

        Respondent.

———————————————————————————

## ORDER

Petitioner Paul Klamm ("Klamm"), a Wisconsin state prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 17, 2009. Klamm was convicted of forgery-uttering and theft of movable property in Milwaukee County Circuit Court and received a sentence of two years' imprisonment and three years' extended supervision. However, Klamm does not directly challenge his conviction or imposed sentence. Instead, Klamm challenges the refusal of the Wisconsin Department of Corrections to transfer his supervision to the state of Virginia. As required, the court will conduct an initial screening of Klamm's petition.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted, and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial

Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its screening by looking at exhaustion. Habeas petitioners must exhaust state remedies in order to qualify for relief in a federal court. *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006). A district court cannot address the merits of constitutional claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). In order to exhaust state remedies, a petitioner must assert his claims through a complete round of state court review, including presentation to the state supreme court. *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004); *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). A single unexhausted claim requires the district court to dismiss the entire petition so that the petitioner may exhaust his claims in state court. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Klamm asserts three grounds for relief in his § 2254 petition. First, without specifying any constitutional or federal law claim, Klamm asserts that the Wisconsin Department of Corrections and correctional officials will not allow him to return to Virginia. Second, Klamm alleges a violation of due process arising from the agency's denial of his request for a transfer of supervision because he was not given "a hearing to take away my right to travel." (Pet. 7). Third, Klamm asserts a violation of equal protection because he was denied a transfer when other offenders were not. However, Klamm has not exhausted his state remedies. Indeed, Klamm

-2-

Case 2:09-cv-00899-JPS   Filed 10/08/09   Page 2 of 3   Document 2

Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its screening by looking at exhaustion. Habeas petitioners must exhaust state remedies in order to qualify for relief in a federal court. *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006). A district court cannot address the merits of constitutional claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). In order to exhaust state remedies, a petitioner must assert his claims through a complete round of state court review, including presentation to the state supreme court. *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004); *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). A single unexhausted claim requires the district court to dismiss the entire petition so that the petitioner may exhaust his claims in state court. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Klamm asserts three grounds for relief in his § 2254 petition. First, without specifying any constitutional or federal law claim, Klamm asserts that the Wisconsin Department of Corrections and correctional officials will not allow him to return to Virginia. Second, Klamm alleges a violation of due process arising from the agency's denial of his request for a transfer of supervision because he was not given "a hearing to take away my right to travel." (Pet. 7). Third, Klamm asserts a violation of equal protection because he was denied a transfer when other offenders were not. However, Klamm has not exhausted his state remedies. Indeed, Klamm

provides no indication that he has pursued any state court action and provides no explanation for his failure to do so.

Consequently, this court cannot consider the merits of Klamm's habeas claims. When a petitioner raises unexhausted claims, the federal court must dismiss the petition without prejudice to allow the petitioner to return to state court. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). After he exhausts his claims in state court, Klamm may then return to federal court and present his claims in a new habeas petition. *See id.* at 275. Klamm must first argue the merits of his claims in state court before he can seek relief in this forum.

Accordingly,

**IT IS ORDERED** that Klamm's petition for a writ of habeas corpus pursuant to § 2254 (Docket #1) be and the same is hereby **DISMISSED without prejudice**. Petitioner must exhaust his state court remedies before filing any new petition for habeas relief.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge